# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

RONALD COLLINS, JR.,

        Plaintiff,

v.                              CIVIL ACTION NO. 5:17-cv-01330

KRISTEN KELLER,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Ronald Collins, Jr., filed a *pro se Complaint* (Document 2) pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights against Ms. Kristen Keller, the prosecuting attorney for Raleigh County, West Virginia. By *Standing Order* (Document 3) entered February 21, 2017, this matter was referred to the Honorable Judge Omar J. Aboulhosn, United States Magistrate Judge, for findings of fact and recommendation for disposition. On March 5, 2018, the Defendant moved to dismiss the Plaintiff's complaint. After responding to the Plaintiff's motion to dismiss, the Plaintiff filed a motion for summary judgment on March 15, 2018. In a *Proposed Findings and Recommendation* (PF&R) (Document 31) entered on May 3, 2018, Magistrate Judge Aboulhosn recommended that the motion to dismiss be granted, the motion for summary judgment be denied, and the case be dismissed from the Court's docket. The Plaintiff filed his *Response to Court's Proposed Findings and Recommendation* (Document 32) on May 17, 2018, and the *Defendant's Response to Plaintiff's Objections* (Document 33) was filed

on May 29, 2018. The Court has reviewed the PF&R, the Plaintiff's objections, the Defendant's response in opposition, and the underlying briefing. For the reasons stated herein, the Court finds that the Plaintiff's objections should be overruled and the motion to dismiss should be granted.

**FACTS**

Mr. Collins alleges that the legal and judicial system in Raleigh County has an eight-year record of harassment by police, of false claims being brought against him in court, and of general corruption. (*See* Complaint, at 4-5.) At some point between February 20, 2014, and September 11, 2016, the Raleigh County Prosecuting Attorney's Office charged the Plaintiff with making terroristic threats regarding certain government officials. (*Id.* at 5). According to Mr. Collins, these charges lead to his eventual incarceration and detention in William R. Sharpe Hospital for a forensic psychological and psychiatric evaluation. He alleges that the charges were false and were brought about through a false investigation.

He further alleges that Defendant Keller presented false information during the proceedings and requested that he undergo the psychological evaluation. When that evaluation was ordered by the Circuit Court of Raleigh County, West Virginia, Mr. Collins alleges that Ms. Keller purposefully withheld information from the physician evaluating Mr. Collins in violation of West Virginia Code § 27-6A-2(b). These alleged falsities constituted a fraudulent filing, a false report, and fraudulent evidence, which Mr. Collins argues is a felony violation of West Virginia Code § 61-5-27a. These acts violated his rights under the Fourth, Fifth, Eighth, and Fourteenth amendments of the United States Constitution. Mr. Collins further asserts that he was tortured during his stay at Sharpe Hospital while awaiting his psychological evaluation by being forced to take medication, and that he later had to undergo treatment at the Beckley VAMC "due to the

2

psychological trauma and PTSD" brought on by the actions of Ms. Keller. (*Id.* at 6.) He further claims that Ms. Keller committed slander and defamation by bringing the charges against him and releasing them to the media in order to continue to propagate false evidence and "discredit" him in his attempts to bring to light "evidence of a history of fraudulent legal process, abuse, [and] connect[ions] to organized crime by members of the Police [and] Raleigh County Judiciary." (*Id.*) He seeks damages of $25,000,000 to compensate him for the "publicity campaign" necessary to restore his good name, and the "release of all legal documents pertaining to past abuses at the State's expense." (*Id.*)

**STANDARD OF REVIEW**

  A.  *Objections to PF&R*

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### B. *Motion to Dismiss – 12(b)(6)*

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

    C.    *Summary Judgment*

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings, discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); see also *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-*

*Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

Magistrate Judge Aboulhosn recommends granting Ms. Keller's motion to dismiss and denying the Plaintiff's motion for summary judgment. He first found that, pursuant to *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009), Ms. Keller is entitled to absolute immunity. Magistrate Judge Aboulhosn noted that Mr. Collins' allegations that Ms. Keller brought charges against him

6

and failed to provide the evaluating physician with pertinent information regarding his charges even if performed with an improper motive or state of mind, were actions intimately involved in the judicial phase of the criminal proceeding against Mr. Collins. Thus, he found that absolute immunity applies to the allegations Mr. Collins brings.

Magistrate Judge Aboulhosn did specifically note that absolute immunity does not apply to prosecutors undertaking purely investigative functions, "such as holding a press conference, engaging in investigative activity prior to the establishment of probable cause to arrest, providing police officers with legal advice . . . or acting as a complaining witness in support of a warrant application." (PF&R, at 19.) While Mr. Collins does make statements in his complaint and briefings regarding longstanding police harassment, Judge Aboulhosn found that he provides no evidence or support for such claims. The thrust of his complaint focuses on the Defendant initiating charges against him and failing to provide the evaluating physician with the appropriate information for his psychological evaluation. Thus, Judge Aboulhosn found that the Plaintiff has alleged no specific facts to support any claims of misconduct during functions outside of the judicial phase of the criminal proceedings, and that absolute immunity applies.

Magistrate Judge Aboulhosn further found that, regardless of whether or not absolute immunity applies to Ms. Keller, the Plaintiff's claims are time-barred by the two-year statute of limitations applicable to Section 1983 claims and the one-year statute of limitations applicable to defamation. Based on the complaint, the Plaintiff fails to specify when the Defendant defamed him, and states that the events that give rise to his constitutional violations occurred sometime between February 20, 2014, and September 11, 2016. Judge Aboulhosn found that the earliest specific date regarding the Plaintiff's allegations of fraud occurred on December 3, 2013, when

7

the hearing was held where Ms. Keller moved for Mr. Collins to undergo another psychological evaluation. Judge Aboulhosn found that Mr. Collins would have had to bring his claim of fraud against Ms. Keller by December 3, 2015, to comply with the statute of limitations. Similarly, Judge Aboulhosn found that if the Defendant committed fraud in the Register Herald's publication of the April 15, 2014 article in question, that claim would have had to be filed by April 15, 2016. Regarding the Plaintiff's defamation claim, Judge Aboulhosn found that the newspaper article he claims constituted defamation was published on April 15, 2014, and thus the Plaintiff would have had to bring his defamation claim no later than April 15, 2015, based on West Virginia's one-year statute of limitations for defamation claims. Because the Plaintiff did not file his complaint until February 21, 2017, Judge Aboulhosn found that all his claims were barred by the statute of limitations.

Lastly, Judge Aboulhosn found that, even if absolute immunity does not apply and the claims are not barred by the statute of limitations, the Plaintiff has failed to sufficiently satisfy the pleading standards necessary to survive a motion to dismiss. Judge Aboulhosn noted that the Plaintiff has alleged no more than "conclusory statements that Defendant committed some form of fraud or defamed him" and only attached as exhibits orders entered by the Circuit Court of Raleigh County and one page of the psychological evaluation he claims was fraudulently ordered. (PF&R at 24.) Therefore, Judge Aboulhosn found that the Plaintiff failed to put forth any allegations that are plausible on their face regarding the Defendant's alleged bad acts and recommended that the Defendant's motion to dismiss be granted.

Mr. Collins provides several objections to the Magistrate Judge's PF&R in a lengthy filing. Some of the Plaintiff's objections are provided in a numbered list at the beginning of his filing,

and others address each of the Magistrate's findings under a heading corresponding to the headings in the PF&R. After thorough review, the Court finds that the objections can be delineated into three categories that address each of the Magistrate Judge's findings.

### A. Prosecutorial Immunity

Mr. Collins first objects to the Magistrate Judge's finding that Ms. Keller is entitled to absolute immunity. Mr. Collins argues that Judge Aboulhosn erred in that he ignored his evidence and the sections of the West Virginia Code he cited in his briefs in making this finding. He asserts that *Pullman v. Allen*, 466 U.S. 522 (1984), stands for the proposition that judicial immunity does not bar a plaintiff from being awarded injunctive relief against a judicial officer acting in his or her official judicial capacity. Based on his reading of *Pullman* and West Virginia Code §§ 27-6A-2(b) and 61-5-27a, the Plaintiff argues that he has shown Ms. Keller violated the law in a fraudulent manner that constitutes a fraudulent proceeding, and that she is not entitled to immunity.

The Court finds that the Plaintiff's claim is without merit. According to the Supreme Court of the United States, "prosecutors are absolutely immune from liability in [Section] 1983 lawsuits brought" regarding "actions that are 'intimately associated with the judicial phase of the criminal process.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 428-30 (1976)). This holding stems from "the 'same considerations of public policy that underlie' a prosecutor's common-law immunity," which "arise out of the general common-law concern that harassment by unfounded litigation could both cause a deflection of the prosecutor's energies from his public duties and also lead the prosecutor to shade his decisions instead of exercising the independence of judgment required by his public trust." *Goldstein*, 555 U.S. at 341. Absolute immunity applies "when a prosecutor prepares to initiate a judicial

proceeding . . . or appears in court to present evidence in support of a search warrant application." *Id.* at 343. The Fourth Circuit has followed the Supreme Court's precedent, holding that "absolute immunity is afforded prosecutors when acting 'within the advocate's role.'" *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993)).

In *Goldstein*, the Court found that the way in which senior prosecutors train assistants in prosecutor's offices was so intimately associated with the judicial phase that it constituted an action for which prosecutors held absolute immunity from a Section 1983 suit. *Id.* at 344. Moreover, a prosecutor acting within these functions and serving as an officer of the court enjoys absolute immunity even when acting with an improper state of mind or improper motive. *See, Smith v. McCarthy*, 349 Fed.Appx. 851, 859 (4th Cir. 2009) (unpublished opinion) (finding that a prosecutor was entitled to absolute immunity in a Section 1983 suit alleging that the prosecutor conspired with police officers to present false testimony and withhold exculpatory evidence).

Here, Mr. Collins claims that Ms. Keller initiated fraudulent charges against him and undertook what amounted to a fraudulent filing by moving the state court to order Mr. Collins to undergo a psychological evaluation. He further alleges that Ms. Keller committed fraud by failing to provide the evaluating physician with the appropriate information necessary to conduct the evaluation. These actions, taken as true, are certainly intimately associated with the judicial phase of the Plaintiff's criminal proceedings. The Plaintiff specifically alleges that Ms. Keller sought to have the state court order him to undergo a psychological evaluation during the course of a bond hearing and failed to provide the evaluating physician the appropriate material. Such a motion, especially made in open court during a bond reduction hearing, is precisely the type of

prosecutorial action that the Supreme Court of the United States sought to protect in *Goldstein*. The Court finds that absolute immunity should apply.

Moreover, the Plaintiff's reliance on *Pullman* is without merit. In *Pullman*, the Supreme Court considered whether a state magistrate judge was entitled to absolute immunity when he was sued under Section 1983 for his practice of imposing bail on individuals arrested for non-jailable offenses under Virginia law. *Pullman*, 466 U.S. at 524-25. The plaintiff in Pullman sought only injunctive and declaratory relief and attorneys' fees under 42 U.S.C. § 1988. That plaintiff did not seek monetary damages. *Id.* The Court ultimately found that absolute judicial immunity was not a bar to "*prospective injunctive relief* against a judicial officer acting in her judicial capacity." *Id.* at 542 (emphasis added). Here, however, Mr. Collins seeks money damages in the amount of at least $25,000,000 according to his complaint. He does not seek to enjoin Ms. Keller or the prosecuting attorney's office from some act but seeks monetary damages for an alleged wrongful act she performed during the course of her work as an officer of the court that was intimately related to the judicial phase of Mr. Collins's criminal proceeding. Thus, *Pullman* does not apply to the claims he has presented here.

In sum, the Plaintiff's allegations all revolve around Ms. Keller's initiation of criminal charges against Mr. Collins, her motion during a bond hearing that he undergo further psychological evaluation, and her failure to turn over certain information to the evaluating physician. These allegations are based on actions that are "closely associated with the judicial phase of the criminal process,". The Plaintiff's objection to that immunity based on the Supreme Court's holding in *Pullman v. Allen* should be overruled. Although Ms. Keller's immunity

mandates dismissal of the complaint entirely, in the interest of thoroughly evaluating the Plaintiff's objections, the Court will address his remaining arguments.

### B. Statute of Limitations

Mr. Collins also objects to the Magistrate's finding that his claims are barred by the statute of limitations. Continuing to center all his claims on the allegation that Ms. Keller committed fraud by seeking an order requiring Mr. Collins to undergo a psychological evaluation and failing to provide the evaluating physician all of the pertinent information, Mr. Collins argues that this failure amounted to a felony violation of West Virginia law preventing fraud. Mr. Collins relies on *Cavendish v. Moffitt*, 253 S.E.2d 558 (W.Va. 1979) in arguing that West Virginia law does not establish a statute of limitations on claims that result from fraud. The Plaintiff states that Magistrate Judge Aboulhosn shows "an unfair bias toward the Defendant's arguments" in his failure to even cite to *Cavendish* and seems to argue that *Cavendish* applies and holds that there is no statute of limitations on his claims. (Pl.'s Obj., at 15-16.)

The Court finds the Plaintiff's claims are time-barred. As previously stated, the Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Section 1983 has no federally-provided statute of limitations. However, the United States Supreme Court has "expressly rejected the practice of drawing narrow analogies between § 1983 claims and state causes of action." *Owens v. Okure*, 488 U.S. 235, 248 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261, 272 (1985)). Instead, the Supreme Court held, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249-50. In short, the statute of limitations in § 1983 cases "is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). As

both this Court and the West Virginia Supreme Court have recognized, West Virginia's two-year general personal injury statute of limitations is applicable to § 1983 actions. *See* W. Va. Code § 55-2-12(b); *Rodgers v. Corp. of Harpers Ferry*, 371 S.E.2d 358, 362 (W.Va. 1988), *abrogated on other grounds by Courtney v. Courtney*, 437 S.E.2d 436 (W.Va. 1993); *Ali v. Raleigh Cty.*, No. 5:17-CV-03386, 2018 WL 1582722, at *9 (S.D.W. Va. Mar. 29, 2018); *Morales v. Robinson*, No. CIV A 205-0509, 2007 WL 1074836, at *4 (S.D.W. Va. Apr. 6, 2007) (Copenhaver, J.); *Bell ex rel. Bell v. Bd. of Educ. of Cty. of Fayette*, 290 F. Supp. 2d 701, 709–10 (S.D.W. Va. 2003) (Haden, J.).

Here, Mr. Collins filed his complaint on February 21, 2017. As Mr. Collins points out in his objections, "[t]he civil rights damages [he asserts] are the effect of the fraudulent actions for which the Plaintiff has always based his lawsuit," those fraudulent actions being the Defendant's alleged failure to "provide information relevant to the case for which [the psychological evaluation] was ordered." (Pl.'s Obj., at 12, 16.) According to the court order following the bond revocation hearing during which the Defendant moved for a psychological evaluation of Mr. Collins, that motion occurred in open court on December 3, 2013. (Pl.'s *Memorandum of Law in Support of his Response to Defendant's Motion to Dismiss*, at 13) (Document 19.) His psychological and psychiatric evaluation was performed on February 20, 2014, and the report was completed and issued on February 25, 2014. (*Id.* at 35.) Thus, at best, Mr. Collins needed to file his Section 1983 claims based on his allegations of Ms. Keller's fraudulent practice by February 25, 2016, to comply with the two-year statute of limitations established for Section 1983 claims. Because he did not file until February 2017, his claims under Section 1983 are time barred.

Further, the Court notes that *Cavendish* does not stand for that which the Plaintiff cites. The West Virginia Supreme Court held in *Cavendish* that "W.Va. Code § 55-2-12 must be read *in pari materia* with W.Va. Code § 55-7-8a." *Cavendish*, 253 S.E.2d at 559. W.Va. Code § 55-7-8a applies to the survivability of actions for a decedent, and states that "causes of action for injuries to property, real or personal, or injuries to a person and not resulting in death, or for deceit or fraud, also shall survive . . . and may be brought notwithstanding the death of the person entitled to recover or the death of the person liable." Rather than holding that there is no statute of limitations for actions alleging fraud, as the Plaintiff claims, *Cavendish* holds that "the legislature intended to exclude from statutory survivability . . . such personal torts as defamation, false arrest and imprisonment, and malicious prosecution." *Cavendish*, 253 S.E.2d at 559. The *Cavendish* court went on to state that "[i]t is clear that libel is a form of defamation which . . . is limited by the one-year limitation period established in W.Va. Code § 55-2-12(c)." *Id.* In other words, the West Virginia Supreme Court clearly held in *Cavendish* that the one-year statute of limitations still applies to defamation claims.

Thus, the Plaintiff's claims under Section 1983, although based on alleged fraud, are still governed by the two-year statute of limitations applicable to Section 1983 claims. Because Mr. Collins did not file his complaint within two years of the alleged fraud, those claims are time barred. Further, to the extent Mr. Collins brings an additional claim for defamation against Ms. Keller based on a newspaper article published on April 15, 2014, that claim is governed by a one-year statute of limitations. The Plaintiff's objections to the Magistrate Judge's findings regarding the statute of limitations should therefore be overruled.

### C. Pleading Standard

Lastly, the Plaintiff objects to the Magistrate Judge's finding that he failed to plead any allegations that are plausible on their face such that they should survive a motion to dismiss. The Plaintiff argues that he has asserted that Ms. Keller committed felony acts of fraud by failing to provide his evaluating physician with the appropriate documents and materials needed to perform his psychological and psychiatric evaluation, and that she defamed him. He asserts that Magistrate Judge Aboulhosn failed to address many of his arguments, that he is "concern[ed] about the possible and expected violation of Judicial Canon concerning the appearance of impropriety," and that Magistrate Judge Aboulhosn ignored evidence in a "pattern of false and misleading statements in what appears to be an attempt at arguing the case for the Defendant while biasing judgment against the Plaintiff." (Pl.'s Obj., at 5, 11-12, 18.)

The Court finds that Judge Aboulhosn correctly found that Mr. Collins' complaint should be dismissed for failure to state a claim on which relief can be granted. As the Court previously stated, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be

a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

Here, the Plaintiff has failed to state any factual matter that states a claim plausible on its face. The Plaintiff's only *factual* allegations state that Ms. Keller perpetrated fraud against him that amounts to a felony offense when she moved for a psychological evaluation during a bond reduction proceeding and failed to provide the evaluating physician with the appropriate materials. Pursuant to W.Va. Code § 27-6A-2(b), a party who moves for a forensic evaluation is required to provide the forensic evaluator with information relevant to the evaluation. Mr. Collins fails to allege any facts that plausibly state a claim that Ms. Keller failed to provide the evaluating physician with this information, or that she perpetrated fraud in any manner. Mr. Collins merely asserts that she committed fraud without any facts detailing what she did or did not provide to the physician and how her acts were fraudulent. Such a naked assertion without articulated facts stating how Ms. Keller failed to provide information is not a pleading sufficient to survive a motion to dismiss.

Further, regarding his defamation claim, the Plaintiff submits no actual allegations as to how Ms. Keller committed the required elements of defamation. He merely claims that she released evidence to the Register Herald and attaches a newspaper article in support. Nothing in the Plaintiff's complaint explains how Ms. Keller defamed him or even attempts to state facts that correspond to the requisite elements of a defamation claim.

Mr. Collins need not "fear to trust the Magistrate to weigh evidence" or be concerned about Judge Aboulhosn's bias, as his objections note, because his complaint fails to articulate any facts that allege fraud or defamation on behalf of the Defendant or that amount to more than naked

conclusory assertions. Thus, even assuming that Ms. Keller is not entitled to absolute immunity and that his claims are not barred by the statute of limitations, the Plaintiff's complaint failed to state a claim for which relief can be granted, and Mr. Collins's objections should be overruled.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Response to Court's Proposed Findings and Recommendation* (Document 32), which the Court construes as objections, be **OVERRULED**, and that Magistrate Judge Aboulhosn's *Proposed Findings and Recommendation* (PF&R) (Document 31) be **ADOPTED**.

The Court further **ORDERS** that the Plaintiff's *Motion for Summary Judgment* (Document 20) be **DENIED**, that *Defendant Kristen Keller's Motion to Dismiss the Plaintiff's Complaint* (Document 14) be **GRANTED**, and that this matter be **DISMISSED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: September 28, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA